# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### FT. MYERS DIVISION

**UNITED STATES OF AMERICA,**

      **Plaintiff**

**-vs-**　　　　　　　　　　　　　　　　　　　　　Case No. 2:07-cr-20-FtM-29DNF

**LYNETT GADSDEN and KEVIN SINGLETON**[1]**,**

      **Defendants.**

___

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

    This cause came on for consideration on the following motion filed herein:

| | |
|---|---|
| **MOTION:** | **LYNETT GADSDEN'S MOTION TO SUPPRESS IDENTIFICATION (Doc. No. 33) AND KEVIN SINGLETON'S ADOPTED MOTION TO SUPPRESS** |
| **FILED:** | **March 14, 2007** |

**THEREON** it is **RECOMMENDED** that the motions be **DENIED**.

    The Defendants, Lynett Gadsden and Kevin Singleton are requesting that the identification procedure conducted in this case and any resulting in-court identification be suppressed. The Defendants assert that they were identified by the use of a single photograph which was shown to the undercover officer, Margarita Nelson. The Government filed its Response (Doc. 35) on March 19,

___

[1] Kevin Singleton filed a Motion to Adopt (Doc. 36) on March 20, 2007, which was granted by an Endorsed Order (Doc. 38) on March 20, 2007. Upon agreement of the parties, the Court permitted counsel for Mr. Singleton to raise the issue of suppressing the identification of Mr. Singleton during the hearing even though he had not filed a separate Motion to Suppress as to Mr. Singleton.

2007. An evidentiary hearing was held on March 28, 2007. The Defendants are charged in Count Two of a Superceding Indictment (Doc. 16) with conspiring with each other and others to possess with intent to distribute a quantity or mixture of a detectable amount of cocaine base, crack cocaine in violation of 21 U.S.C. §§841(a)(1) and 841(b)(1)(C) and 846.

### I. Testimony and Evidence

The Government presented the testimony of Margarita Nelson with the Vice and Narcotics Bureau of the Collier County Sheriff's Office. (Tr$^2$. p. 4). On December 19, 2006, Investigator Nelson met with a confidential informant who informed her that Moody Gadsden (a co-defendant in this case) was selling crack cocaine. (Tr. p. 5, 12). Investigator Nelson decided to purchase crack cocaine from Moody Gadsden. (Tr. p. 5). Moody Gadsden was well-known to Investigator Nelson. (Tr. p. 5). Investigator Nelson and the confidential informant went to Moody Gadsden's residence. (Tr. p. 5). Lynett Gadsden answered the door. (Tr. p. 5-6)**.** The confidential informant told Lynett Gadsden that they wanted to buy $100.00 of crack cocaine. (Tr. p. 6, 15). Investigator Nelson and the confidential informant went into the house and Moody Gadsden was there with two other Black men. (Tr. p. 6, 16, 27). Investigator Nelson noticed that one of the other men in the room who was later identified as Kevin Singleton had a gun in his waistband which was clearly visible. (Tr. p. 7). Moody Gadsden told Investigator Nelson that his brother was put in jail by a cop named "Margarita Nelson" and asked if she was the same person. (Tr. p. 6). She denied being the same person. (Tr. p. 7). Moody Gadsden wanted Investigator Nelson to give her cell phone to Lynett Gadsden, but Investigator Nelson objected

---

$^2$ "Tr." refers to the transcript (Doc. 42) of the evidentiary hearing held on March 28, 2007.

and agreed to put the cell phone outside. (Tr. p. 7). Moody Gadsden motioned Lynett to retrieve the cell phone and Investigator Nelson then gave her cell phone to the confidential informant. (Tr. p. 7).

Investigator Nelson negotiated the drug deal. (Tr. p. 16). Lynett told Investigator Nelson and the confidential informant to sit at the table. (Tr. p. 19). Lynett told her that everything was "ok." (Tr. p. 19). Moody Gadsden sent Kevin Singleton outside to check Investigator Nelson's car. (Tr. p. 8). Lynett Gadsden was told by Moody Gadsden to check Investigator Nelson for wires or bugs. (Tr. p. 8). Investigator Nelson walked over to Lynett Gadsden and showed her that she had no wires on her. (Tr. p. 8). Kevin Singleton came back inside the house. (Tr. p. 8). Investigator Nelson then gave Moody Gadsden the $100.00 and he and Kevin Singleton went to the back bedroom. (Tr. p. 8). Kevin Singleton told Investigator Nelson and the confidential informant to follow him outside. (Tr. p. 8). Kevin Singleton then gave Investigator Nelson crack cocaine and told her that she was "straight" and she could come back. (Tr. p. 8). After the deal was completed, Moody Gadsden came out of the house and told Investigator Nelson that she was straight and could come back again, but come back alone. (Tr. p. 9).

Investigator Nelson then met with other investigators. (Tr. p. 9). When she returned to her office, she immediately identified Lynett Gadsden by her driver's licence photograph which Investigatory Nelson obtained herself. (Tr. p. 9, 23). Lynett Gadsden's driver's license was associated with the address where the drug transaction occurred. (Tr. p. 10). Investigator Nelson had no problem identifying Lynett Gadsden from her driver's license photograph. (Tr. p. 10).

Prior to December 19, 2006, Investigator Nelson had no knowledge of Kevin Singleton and the confidential informant also did not know Kevin Singleton. (Tr. p. 10, 33). Investigator Nelson only knew Kevin Singleton by the name "Cowboy." (Tr. p. 10). She learned the name "Cowboy" from

different individuals on the street, and she believes that she learned this information from December 19, 2006, the date of the buy, to January 19, 2007, the date of arrest. (Tr. p. 25). She described him to other investigators, but was unable to determine his name. (Tr. p. 10). Lynett Gadsden and Kevin Singleton were arrested on January 19, 2007, during the execution of a search warrant. (Tr. p. 34). On the date that the search warrant was executed, Investigator Nelson arrived at the scene after Kevin Singleton was secured and identified Kevin Singleton as the individual who was present at the buy and who had been carrying a gun. (Tr. p. 26, 34) Investigator Nelson viewed a booking photograph of Kevin Nelson, and confirmed that the man in the photograph was the person that participated in the illegal drug transaction of December 19, 2006. (Tr. p. 10). The other person in the house on the night of the drug transaction has not been identified. (Tr. p. 27).

**II. Analysis**

Lynett Gadsden asserts that having her identified by a single driver's license photograph was unduly suggestive and should be suppressed. Kevin Singleton asserts that having him identified by viewing a booking photograph was unduly suggestive and should be suppressed. Further, the Defendants assert that any in-court identification which is the product of the out-of-court identification procedure using a single photograph is also unduly suggestive. The Government argues that the identification procedure was routine and not unduly suggestive. A two step analysis is used to determine if an out-of court identification is admissible. *U.S. v. Diaz*, 248 F.3d 1065, 1102 (11th Cir. 2001). First, the court must determine whether the original identification procedure was "unduly suggestive." *Id*. If the court finds that the original identification was unduly suggestive, then the court must consider the totality of the circumstances, and whether the identification was reliable based upon

the circumstances presented. *Id.*, (citing *Neil v. Biggers*, 409 U.S. 188, 199 (1972), and *Dobbs v. Kemp*, 790 F.2d 1499, 1506 (11th Cir. 1986)). The Court must consider the following factors to determine if the identification was reliable: "(1) opportunity to view; (2) degree of attention; (3) accuracy of the description; (4) level of certainty; and (5) length of time between the crime and the identification." *U.S. v. Diaz*, 248 F.3d at 1102, (citing *Neil v. Biggers*, 409 U.S. at 199). Although not dispositive of the issue of suggestiveness, showing only one photograph can be determined to be unduly suggestive in certain circumstances, and the Eleventh Circuit has found such undue suggestiveness when only a single photograph was shown[3]. *See, Marsden v. Moore*, 847 F.2d 1536, 1545-46 (11th Cir. 1988), and *United States v. Cueto*, 611 F.2d 1056, 1063 (5th Cir. 1980).

In a similar case, an undercover officer participated in three hand-to-hand drug transactions with a defendant and identified the defendant by being shown a single photograph. *United States v. Carter*, 2005 WL 3556050, *1 (M.D. Fla. 2005). The Court determined that the showing of a single photograph was unduly suggestive, however, looking at the totality of the circumstances, the identification was reliable. *Id*. The Court reasoned that the officer was personally involved in three illegal drug transactions with the defendant, was in close proximity to the defendant, and identified the defendant on the date of his arrest. *Id*. The photograph was shown to confirm the identity of the person known to the officer as "Tim." *Id*. The officer's description of the defendant was consistent with the person arrested, and the officer was certain of her identification of the defendant. *Id*.

---

[3] The facts in these cases, however, are easily distinguishable from the instant case.

### A. Lynett Gadsden

To determine the name of Lynett Gadsden, Investigator Nelson returned to her office, and using the address where the drug buy took place, she looked at the driver's license photograph of Lynett Gadsden and identified her as the person that participated in the drug transaction. Investigator Nelson admitted that she anticipated that the woman at the residence would be Lynett Gadsden based upon the records she obtained as to who was residing at the residence where the drug buy occurred. Investigator Nelson only used the photograph to determine the name of the individual at the residence, but she relied on her own personal observations of this person to identify Lynett Gadsden. The Court does not find that the one photograph that Investigator Nelson saw which identified the individual at the drug transaction to be Lynett Gadsden was unduly suggestive.

Alternatively, the Court will consider that the showing of only one photograph to Investigator Nelson was unduly suggestive, and will proceed to consider the totality of the circumstances to determine if the identification was reliable. Investigator Nelson participated in the drug transaction. She and Lynett Gadsden had brief conversations. Investigator Nelson had to show Lynett Gadsden that she was not wired. Investigator Nelson had ample opportunity to observe Lynett Gadsden during the drug transaction. In addition, she immediately returned to her office, located the driver's license photograph of Lynett Gadsden, and confirmed that the photograph was the same person that was at the residence during the drug transaction. Further, Investigator Nelson was certain that the photograph matched the person. *See*, *United States v. Carter*, 2005 WL 3556050 (M.D. Fla. 2005). The Court determines that based upon the totality of the circumstances, the identification of Lynett Gadsden by Investigator Nelson was reliable.

### B. Kevin Singleton

On the date of his arrest, Investigator Nelson identified Kevin Singleton in-person after his arrest, and also identified him by viewing a booking photograph. Showing Investigator Nelson the booking photograph could be construed as being unduly suggestive, therefore, the Court will proceed to consider the totality of the circumstances to determine if the identification of Kevin Singleton was reliable. As stated above, Investigator Nelson was involved personally in the drug transaction. She viewed Kevin Singleton when she entered the Gadsdens' residence. She payed particular attention to him due to her seeing that he had a firearm tucked into his waistband. She also had brief conversations with him during the time she was in the residence. He was the individual who handed her the crack cocaine. She had many opportunities to view him, and to pay close attention to him due to his carrying a firearm. When Investigator Nelson testified, she was certain that Kevin Singleton was the man who was involved in the drug transaction. It was a month between the date of the buy and the date Investigator Nelson identified Kevin Singleton by viewing him in person and by the booking photograph, however, she was certain that he was the man who sold her crack cocaine. *See*, *United States v. Carter*, 2005 WL 3556050 (M.D. Fla. 2005). The Court determines that based upon the totality of the circumstances, the identification of Kevin Singleton by Investigator Nelson was reliable.

### III. Conclusion

The Court concludes that based upon the totality of the circumstances, the identification of Lynett Gadsden and Kevin Singleton by Investigator Nelson was reliable. Therefore, it is respectfully

recommended that the Motion to Suppress Identification (Doc. 33) by Lynett Gadsden, and the Motion to Suppress by Kevin Singleton be denied.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Respectfully recommended in Chambers in Ft. Myers, Florida this __10th__ day of April, 2007.

_____
DOUGLAS N. FRAZIER
UNITED STATES MAGISTRATE JUDGE

Copies: All Parties of Record